1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BENTON,

                                Plaintiff,

        v.

EXECUTIVE HOTEL SEATTLE
LLC,

                                Defendant.

CASE NO. C20-1504JLR

ORDER DENYING MOTION TO
DISMISS

## I.      INTRODUCTION

Before the court is Defendant Executive Hotel Seattle LLC's ("Executive")

motion to dismiss Plaintiff Michael Benton's amended complaint.  (MTD (Dkt. # 21);

Reply (Dkt. # 29).)  Executive additionally submits evidence with its motion and requests

that the court convert the motion into one for summary judgment under Federal Rule for

Civil Procedure 12(d).  (MTD at 3.)  Mr. Benton opposes the motion in its entirety.

(Resp. (Dkt. # 27).)  Having considered the motion, the parties' submissions regarding

1  the motion, the relevant portions of the record, and the applicable law,[1] the court will not

2  convert the motion to one for summary judgment and DENIES the motion to dismiss.

3                      **II.      BACKGROUND**

4          For the purposes of a motion to dismiss, the court accepts all well-pleaded

5  allegations in the complaint as true and draws all reasonable inferences in favor of the

6  plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.

7  1998).  Mr. Benton is a professional photographer based in Colorado who sells and

8  licenses his photographs through his website.  (Am. Compl. (Dkt. # 17) ¶ 2.)  In 2012,

9  Mr. Benton photographed the Seattle Great Wheel and registered the photograph with the

10  Register of Copyrights on March 31, 2014.  (*Id.* ¶¶ 10-11.)  Executive copied and utilized

11  Mr. Benton's photograph in 2014 as part of its online advertisements and promotions.

12  (*Id.* ¶¶ 15-18, 19, Ex. 2.)[2]  Mr. Benton was not aware of Executive's use of his work at

13  that time, and he did not permit Executive to copy, distribute or display the photograph.

14  (*See id.* ¶¶ 20, 22.)

15          On September 28, 2018, Mr. Benton discovered Executive's use of his photograph

16  through reverse image search tools, which use image recognition to search the Internet

17  //

18          [1] Neither party requests oral argument (MTD at 1; Resp. at 1), and the court finds that
19  oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash.
   LCR 7(b)(4).

20          [2] Mr. Benton refers to exhibits in his amended complaint but did not attach any exhibits.
   (*See* Am. Compl.)  He did, however, attach exhibits to his original complaint, and the court
21  presumes that he is referring to those same exhibits.  (*See* Compl. (Dkt. # 1).)  The court reminds
   Mr. Benton that he is expected to file accurate and complete documents, and when an error is
   discovered, he should, as promptly as possible, file a praecipe with a corrected document.  *See*
22  Local Rules W.D. Wash. LCR 7(m).

ORDER DENYING MOTION TO DISMISS - 2

and find allegedly infringing uses.  (*See id.* ¶¶ 21-24.)  While Mr. Benton has used reverse image search tools before, he did not find Executive's use because "reverse image search tools and technologies are still in their infancy in terms of their accuracy and the comprehensiveness of the results they provide."  (*Id.* ¶ 25; *see also id.* ¶¶ 26-29 (qualifying reserve image search tools as "neither comprehensive nor foolproof").)  Thus, Mr. Benton states that he could not have reasonably discovered Executive's alleged infringement before September 28, 2018.  (*Id.* ¶ 30.)

Mr. Benton notified Executive of the alleged infringement in April and May of 2020 but could not resolve the dispute.  (*Id.* ¶ 31.)  Thus, he filed this suit claiming that Executive willfully infringed on his copyright and seeks damages and injunctive relief.  (*Id.* ¶¶ 32-39.)  Executive filed the instant motion, arguing that Mr. Benton's suit is untimely under the applicable three-year statute of limitations period.  (*See* MTD at 1.)

### III.   ANALYSIS

As a preliminary matter, Executive asks the court to take judicial notice of a prepared statement for a legislative hearing from 2013 and to convert its motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 12(d).  The court addresses these preliminary issues before turning to the merits of the motion.

### A.   Additional Materials Submitted by Executive

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)).  The court may, however, examine certain external materials—such as documents

1   attached to the complaint, documents incorporated by reference in the complaint, or

2   matters of judicial notice—as part of the pleadings or as indisputable facts.  *United States*

3   *v. Richie*, 342 F.3d 903, 908-09 (9th Cir. 2003).  To consider any other documents, such

4   as declarations or exhibits attached to a motion to dismiss, would be improper without

5   converting the motion to dismiss into one for summary judgment.  *Id.* at 909.

6          Executive first asks the court to take judicial notice of the prepared statement by

7   Executive Director of the American Society of Media Photographers Eugene H. Mopsik

8   before the Subcommittee on Courts, Intellectual Property, and the Internet.  (Req. for

9   Judicial Not. (Dkt. # 24) at 2, Ex. 1 ("Subcommittee Statement"); *see* Subcommittee

10  Statement at 32-41.)  Specifically, it asks the court to take notice that reverse image

11  search tools "have existed before the date of the alleged infringement" (Req. for Judicial

12  Not. at 1), as Mr. Mopsik testified about these tools in 2013 as follows:

13        Freelance professional photographers kept asking for some way to track
          infringing uses of their images on the internet.  This demand drove the
14        invention of image recognition based search technology, which is used by
          huge numbers of professional photographers and other individuals and
15        entities through vendors such as PicScout and TinEye.

16  (Subcommittee Statement at 39).  The court may take judicial notice of "a fact that is not

17  subject to reasonable dispute because it . . . can be accurately and readily determined

18  from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

19  Mr. Benton does not dispute the fact that reverse image search tools existed in 2014 or

20  the accuracy of Mr. Mopsik's statement.  (*See* Resp.)  Thus, the court takes judicial

21  notice of Mr. Mopsik's prepared statement.

22  //

ORDER DENYING MOTION TO DISMISS - 4

1    Executive additionally asks the court to consider two declarations and attached

2    exhibits and, in turn, convert its motion to dismiss to one for summary judgment on the

3    issue of whether it was reasonable that Mr. Benton did not discover Executive's alleged

4    infringement earlier.  (MTD at 3.)  Specifically, Executive submits an attorney

5    declaration attaching a one-sided email exchange with opposing counsel on the issue

6    (Sybert Decl. (Dkt. # 22) ¶ 2, Ex. A) and another attorney declaration that describes how

7    Executive's attorney Ross Kirkbaumer, using reverse image search tools in December

8    2020, successfully located use of Mr. Benton's work dating back to 2014 (Kirkbaumer

9    Decl. (Dkt. # 23) ¶¶ 2-4, Exs. C-E).  The court declines to convert the motion to dismiss

10   and will not consider this extrinsic evidence.

11   Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside

12   the pleadings are presented to and not excluded by the court, the motion must be treated

13   as one for summary judgment."  Fed. R. Civ. P. 12(d).  Whether to convert a motion to

14   dismiss is at the discretion of the district court, and the court is not "obliged to convert a

15   12(b)(6) motion to one for summary judgment in every case in which a defendant seeks

16   to rely on matters outside the complaint."  *Barnes v. Sea Hawai'i Rafting, LLC*, --- F.

17   Supp. 3d ----, 2020 WL 5948839, at *2 (D. Haw. Oct. 7, 2020) (quoting *U.S. v. Int'l*

18   *Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 451 (E.D.N.Y. 2007)) (internal quotation

19   marks omitted).  Generally, summary judgment is inappropriate before the parties have

20   had an opportunity for discovery.  *See Garrett v. City and Cty. of San Francisco*, 818

21   F.2d 1515, 1519 (9th Cir. 1987).  As such, courts regularly decline to convert a motion to

22   dismiss into one for summary judgment, particularly when the litigation is in the early

1   stages.  *See, e.g.*, *Williams v. Cty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014)

2   (declining to convert motion "[g]iven the relatively early stage of this litigation").  In

3   *Barnes*, the court pointed to the fact that "no discovery has been conducted" on the

4   contested issues and found that the supplemental evidence was "minimal [and]

5   incomplete."  2020 WL 5948839, at *2.  Thus, the court concluded that "considering

6   extrinsic evidence and converting the [m]otion to [d]ismiss at this stage would be

7   premature and inappropriate."  *Id.* at *3.

8          The court concludes the same here.  This litigation is in its infancy:  Mr. Benton

9   filed suit less than five months ago, discovery will not be completed until April 2022, and

10  trial is not for another year and a half.  (*See* Sched. Order (Dkt. # 26).)  Indeed,

11  Executive's motion arrives so early in these proceedings that the aforementioned

12  deadlines were not even set when Executive filed this motion.  (*See* MTD; Sched. Order.)

13  Neither party has had an opportunity to conduct discovery on Mr. Benton's failure to

14  discover the alleged infringement earlier, and accordingly, Executive's evidence, much

15  like that of the moving defendants in *Barnes*, is minimal and incomplete.  *See* 2020 WL

16  5948839, at *2.  The fact that Mr. Benton's attorney may not have replied to two emails

17  says little to nothing about the merits of the issue, and Mr. Kirkbaumer's reverse image

18  search in 2020 offers little insight on the reasonableness of Mr. Benton's search—or lack

19  thereof—before 2018.  (*See* Sybert Decl. ¶ 2; Kirkbaumer Decl. ¶¶ 2-4.)  Thus, the court

20  //

21  //

22  //

ORDER DENYING MOTION TO DISMISS - 6

1    concludes that converting the motion to dismiss is inappropriate and will apply the Rule

2    12(b)(6) standard to Executive's motion.[3]

3    **B.    Motion to Dismiss**

4          Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint

5    "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The

6    court construes the complaint in the light most favorable to the nonmoving party.  *Livid*

7    *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The

8    court must accept all well-pleaded facts as true and draw all reasonable inferences in

9    favor of the plaintiff.  *Wyler Summit P'ship*, 135 F.3d at 661.  However, it is not required

10   "to accept as true allegations that are merely conclusory, unwarranted deductions of fact,

11   or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

12   Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual

13   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

14   *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15   570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content . . .

16   to draw the reasonable inference that the defendant is liable."  *Id.* at 677-78.

17          Executive argues that Mr. Benton's copyright infringement claim is time barred.

18   (MTD at 5-8.)  Copyright infringement claims must be brought within three years after

19   the claim accrued, which occurs "when a party discovers, or reasonably should have

20   //

---

21          [3] The court acknowledges that Mr. Benton in his response also submits declaratory
     evidence.  (*See* Holloway Decl. (Dkt. # 28).)  For the same reasons, the court will not consider

22   this extrinsic evidence.

1    discovered, the alleged infringement"—a standard that courts have coined the "discovery

2    rule." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir.

3    2020). "The statute of limitations discovery rule analysis is a factual one." *Michael*

4    *Grecco Prods., Inc. v. Ziff Davis, LLC*, 830 F. App'x 233, 234 (9th Cir. 2020) (citing

5    *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004)).  Thus, the

6    Ninth Circuit has overturned dismissals premised on the insufficiency of pleadings about

7    reasonable diligence because that analysis involves "a question of fact, inappropriate for

8    dismissal at the motion to dismiss stage." *Ziff Davis*, 830 F. App'x at 234.

9        Notwithstanding this Ninth Circuit law,[4] Executive argues that Mr. Benton has

10   insufficiently pleaded that he could not have discovered the alleged infringement earlier

11   with reasonable diligence.  (MTD at 5-8.)  In so arguing, Executive relies almost

12   exclusively on a district court case, *Michael Grecco Productions, Inc. v. BDG Media*

13   *Inc.*, No. CV 19-04716-AB (KSx), 2020 WL 3957565 (C.D. Cal. Aug. 26, 2020) ("*BDG*

14   *Media I*"), that Executive identifies as having "nearly identical" facts.  (MTD at 6-8.)

15   The plaintiff there also claimed "generic facts" about the difficulties of detecting

16   infringement through available tools, which the court found insufficient to plead

17   reasonable diligence.  *BDG Media I*, 2020 WL 3957565, at *2.  But, in keeping with

18   circuit law on the issue, the Ninth Circuit recently overturned *BDG Media I*'s holding

19   that the claim was time-barred.  *See Michael Grecco Prods., Inc. v. BDG Media, Inc.*,

20   //

21      ⁴ Curiously, Executive recognizes that there is Ninth Circuit law on the issue by citing

22   *Ziff Davis* in a footnote, but it only did so to emphasize that *Ziff Davis* should "not . . . be
     confused with" the district court case it relies upon.  (MTD at 6 n.2.)

834 F. App'x 353, 354 (9th Cir. 2021) ("*BDG Media II*").  The Ninth Circuit held that the

plaintiff's "allegations suffice to survive a motion to dismiss" because it "allege[d] facts

that establish the difficulty of detecting online infringements," even with the use of

infringement detection tools like reverse image search software.  *Id.*  "At what time these

search processes would or should have captured alleged infringements is a question of

fact that cannot be determined on a motion to dismiss."  *Id.*

       *BDG Media II* forecloses Executive's argument.  As Executive acknowledges,

"[t]he facts of this case are nearly identical to those" in *BDG Media II*.  (*See* MTD at 6.)

Mr. Benton similarly pleads that he did not discover the alleged infringement using

reverse image search tools until September 28, 2018, and that while he has used reverse

image tools before, these tools are "neither comprehensive nor foolproof" and "frequently

do not identify all instances of infringement."[5]  (Am. Compl. ¶¶ 21-30.)  These factual

allegations, like those in *BDG Media II*, "establish the difficulty of detecting online

infringement," and it is not apparent from the face of the complaint or Mr. Mopsik's

statement that Mr. Benton should have discovered the alleged infringement any earlier.

*See* 834 F. App'x at 354.  That available tools existed in 2014 does not speak to when

those tools would or should have revealed Executive's alleged infringement.  *See id.*  As

*BDG Media II* instructs, those questions are ones of fact that cannot be determined at this

stage.  *See id.*; *see also Atigeo LLC v. Offshore Ltd., D, et al.*, No. C13-1694JLR, 2014

---

[5] Executive argues that the court should disregard Mr. Benton's allegations about the
fallacies of reverse image search tools as irrelevant.  (MTD at 8.)  But Executive offers no
authority to support its position (*see id.*), and *BDG Media II* illustrates that such allegations are
directly on point, *see* 834 F. App'x at 354.

1  WL 239096, at *4 (W.D. Wash. Jan. 22, 2014) (declining to credit defendant's assertions

2  over well-pleaded allegations to the contrary at motion to dismiss stage).

3      In sum, accepting all allegations in Mr. Benton's amended complaint as true and

4  drawing all reasonable inferences in his favor, he has sufficiently pleaded that he brought

5  the copyright claim within three years after he discovered, or reasonably should have

6  discovered, Executive's alleged infringement.  Accordingly, the court denies Executive's

7  motion to dismiss.

8                    **IV.    CONCLUSION**

9      Based on the foregoing reasons, the court DENIES Executive's motion to dismiss

10  (Dkt. # 21).

11      Dated this 26th day of February, 2021.

12

13  _____

14  JAMES L. ROBART
    United States District Judge

15

16

17

18

19

20

21

22

ORDER DENYING MOTION TO DISMISS - 10